IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30962
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVE SOKCHIN KIM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-60029-ALL
--------------------
August 23, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Steve Sokchin Kim appeals his sentence of six months' imprisonment after pleading guilty to trafficking in counterfeit goods. Kim argues that the district court erred in basing the guideline sentence on the retail value of the genuine merchandise rather than the value of the counterfeit merchandise.

Kim is correct that the guidelines require value for sentencing purposes to be determined by the value of the counterfeit items. U.S.S.G. § 2B5.3; United States v. Kim, 963 F.2d 65, 68 (5th Cir. 1992). However, the guideline does not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandate how that determination is to be made. In <u>Kim</u>, this court noted that the court need only make a reasonable estimate of the value, given the available information. <u>Id</u>. at 69.

The district court's determination that the retail value of the counterfeit items should be based on one-half of the retail value of the genuine items is not an unreasonable application of the guideline and is not clearly erroneous. The district court determined that the PSR's estimation of the genuine retail value of $142,730, based on information from the manufacturers, was reliable, thus implicitly rejecting Kim's evidence of a lower genuine retail value, and his evidence of the counterfeit retail value of $38,612.82, coming as it did from three persons, Kim and the Chois, convicted of trafficking.

AFFIRMED.